UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAVA JO'Z COFFEE & MORE, LLC,**
a Texas limited liability company
authorized to do business in the
State of Florida,

        **Plaintiff,**

v.                                            Case No. 3:06cv198/MCR/EMT

**COPPERTOWN DRIVE-THRU SYSTEMS, LLC,**
a foreign limited liability company;
**GODADDY.COM, INC.,** a foreign corporation; and
**DAILY & ASSOCIATES, LLC,** a foreign limited
liability company,

        **Defendants.**

_____/

**ORDER GRANTING MOTION TO REMAND**

      Plaintiff Java Jo'z Coffee & More, LLC ("Java Jo'z) initiated this action in state court against defendants Coppertown Drive-Thru Systems, LLC ("Coppertown"), GoDaddy.com, Inc., ("GoDaddy"), and Daily & Associates, LLC ("Daily").  Coppertown has filed a notice of removal to this court based upon diversity. (Doc. 1).  Presently pending is the motion to remand filed by Java Jo'z (doc. 13), in opposition to which Coppertown filed a responsive

memorandum and affidavit (docs. 15, 16) and Daily filed an affidavit (doc. 14).[1]  For the reasons given below, Java Jo'z's motion is GRANTED and this case is remanded to the Circuit Court in and for Okaloosa County, Florida.

**Background**

In its complaint filed April 3, 2006, in state court Java Jo'z identifies itself as a Texas limited liability company which is engaged in the specialty coffee and beverage industry as a licensor of trade and service marks.  The complaint alleges that Coppertown is an Oregon limited liability company, GoDaddy is an Arizona corporation, and Daily is an Oregon limited liability company. Java Jo'z asserts claims against the defendants for tortious interference with business relationships, trademark infringement, unfair competition, civil conspiracy, and declaratory relief, for which it seeks unspecified damages exceeding $15,000, exclusive of interest, costs, and fees. Java Jo'z served the complaint upon each of the three defendants on April 6, 2006.  It voluntarily dismissed GoDaddy from the case on April 26, 2006, leaving as defendants Coppertown and Daily.

Coppertown filed its notice of removal pursuant to 28 U.S.C. § 1441, et seq., on May 4, 2006.[2]  The notice asserts that the parties are citizens of different states and thus meet the diversity of citizenship requirements of 28 U.S.C. § 1332(a)(1).  In addition, the notice asserts that although the complaint only cites damages in excess of $15,000, statements made in an e-mail message from plaintiff's managing director to Coppertown's members dated April 5, 2006, indicate that the value of the lawsuit far exceeds $75,000. Further, according to the notice, an e-mail from Java Jo'z's counsel to Coppertown's counsel on April 18, 2006, contains statements which similarly indicate that Java Jo'z's alleged

---

[1]  Also pending are the motions to dismiss filed by Coppertown on May 11, 2006 (doc. 4) and Daily on May 18, 2006 (doc. 6).  In light of the instant order remanding the case to state court, the court shall deny these motions as moot.

[2]  The docket reflects that this action was initiated on May 4, 2006, in the Tallahassee Division of the Northern District of Florida.  The attorney who filed the case, however, was not admitted to practice in this district.  (See doc. 1, clerk's notation).  Present counsel for Coppertown, who has been admitted to practice here, submitted a "replacement" version of the notice of removal on May 9, 2006.

Given its determination that remand on other grounds is warranted, the court need not consider whether the action had to have been submitted for docketing by an admitted attorney in order to be deemed filed and, if so, whether the action as resubmitted on May 9, 2006, should be considered untimely.  In any event, in light of Java Jo'z's failure to raise the issue, the court does not address the matter further.

damages exceed $75,000. Accordingly, Coppertown contends, the jurisdictional amount required by § 1332(a)(1) is also met. Coppertown states that it gave written notice of the filing of its notice to Java Jo'z and that it filed a copy of its notice in the state court case.

**Discussion**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); see also University of Southern Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Pacheco de Perez v. AT & T Co., 139 F.3rd 1368, 1373 (11th Cir. 1998). In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and there must be complete diversity of citizenship. See 28 U.S.C. § 1332. In this case in which federal jurisdiction is asserted based on diversity, there appears to be no dispute that the parties are of diverse citizenship and that Java Jo'z in fact seeks damages in excess of $75,000. The court therefore shall proceed to consideration of Java Jo'z's argument that Coppertown has failed to comply with the procedures for removal.

Java Jo'z contends that this case should be remanded to state court pursuant to 28 U.S.C. § 1447(c) because in removing Coppertown failed to satisfy the rule of unanimity, which requires that all defendants in an action join in the petition for removal within thirty days of service of the complaint. Here, Java Jo'z argues that Coppertown's notice of removal does not indicate whether Daily consented to removal. In fact, Java Jo'z submits, that Daily filed a motion to dismiss in the state action on May 6, 2006 – which was after Coppertown's unilateral removal – establishes that Daily does not consent. Java Jo'z also seeks an award of costs and attorneys' fees for Coppertown's alleged improper removal of this case. Coppertown responds that in fact Daily has expressly consented to removal,

in the form of its counsel's affidavit filed May 31, 2006. Furthermore, Coppertown argues, such consent was timely because it was filed within thirty days of May 3, 2006, the date on which counsel for Daily first learned of the removability of this action from Coppertown's counsel. Coppertown analogizes this situation to one in which a later-served defendant in a multiple defendant case is permitted to remove the matter more than thirty days after service was effected on an earlier served defendant who did not seek removal. Coppertown submits that for equitable reasons this procedure, known as the "later-served" rule, should apply here to provide Daily thirty days from May 3, 2006 (the date Daily learned of the removability of this matter) in which to consent to removal. Thus, according to Coppertown, Daily's consent filed May 31, 2006, is timely.

It is well settled that in cases involving multiple defendants all of the defendants must consent to the removal of a case to federal court, i.e., the requirement is that there must be unanimity among the defendants with regard to removal. See Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001); In re Bethesda Memorial Hospital, 123 F.3d 1407, 1410 (11th Cir. 1997) ("The failure to join all defendants in the petition is a defect in the removal procedure"). "Like all rules governing removal, [the] unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of removal jurisdiction." Russell, 264 F.3d at 1044. Pursuant to the unanimity requirement, each defendant must sign the notice of removal or explicitly state its consent to removal on the record within the thirty day period prescribed in § 1446(b).[3] See Smith v. Health Center of Lake City, 252 F.Supp.2d 1336, 1339 (M.D.Fla. 2003); Nathe v. Pottenberg, 931 F.Supp. 822, 825 (M.D.Fla. 1995). If any defendant does not sign the notice of removal or give its explicit consent to removal, the removing defendant must explain in the notice of removal "why that consent was not obtained. Such an explanation may involve an analysis of why . . . the non-consenting codefendant falls within one of the recognized exceptions to the unanimity requirement." White v. Bombardier Corporation, 313 F.Supp.2d 1295, 1299 (N.D.Fla. 2004). With respect to removing defendants who are not federal officers or agencies, recognized

---

[3] The time limitation for removal is not jurisdictional. See Loftin v. Rush, 767 F.2d 800, 805 (11th Cir. 1985) (stating that the time limitation may be waived), abrogated on other grounds by Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir. 1997).

Case No. 3:06cv198/MCR/EMT

exceptions to the unanimity rule include circumstances which involve: (1) a defendant who has not yet been served with process; (2) a formal or nominal defendant; (3) a defendant who has been fraudulently joined; and (4) at least one separate and independent claim asserting a federal question. Id. at 1300.

In this case, Coppertown's notice of removal does not contain Daily's consent to removal. Nor does the notice contain an explanation of why Daily's written consent was not obtained. Indeed, other than noting that Daily is a defendant, the notice does not mention Daily at all.[4] In any event, Coppertown does not argue, and the court has no basis to conclude, that any of the generally recognized exceptions to the rule of unanimity are present in this case.[5]

The court next considers Coppertown's argument that under the later-served rule Daily timely gave on-the-record consent to removal, as required by § 1446(b).[6] The

---

[4] Even if the notice had referenced Daily's oral consent to removal made to Coppertown's counsel on May 3, 2006, without more such consent would be insufficient. See Smith, 252 F.Supp.2d at 1339 (stating that all defendants must join in the petition by consenting to the removal in writing on the record); Miles v. Kilgore, 928 F.Supp. 1071, 1078 (N.D.Ala. 1996).

[5] In Bombardier, supra, Judge Roger Vinson, who also sits in the Northern District of Florida's Pensacola division, concluded that in certain circumstances the unanimity requirement could be excused with respect to a defaulted defendant who had not appeared. To sustain its burden with such a claim, the removing defendant must establish that it exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent without success. Bombardier, 313 F.Supp.2d at 1304. After giving the removing defendants an opportunity in which to make such a showing, Judge Vinson determined that they had failed to timely file materials demonstrating their diligent efforts to obtain the defaulted defendant's consent. He therefore found the removal procedurally defective and remanded the case to state court.

In the instant matter, Coppertown states that Daily did not timely respond to Java Jo'z's complaint and thus was in default at the time Coppertown initiated removal proceedings on May 4, 2006. Coppertown does not, however, argue that its failure to obtain and file Daily's written consent to removal prior to that date should be excused due to Daily's alleged default nor would such an argument be well-taken. Coppertown acknowledges that it successfully located Daily prior to the period for removal elapsing on May 5, 2006. To that extent, therefore, the exception to the unanimity rule contemplated by Judge Vinson in Bombardier does not apply under the facts of this case. Moreover, although Daily did not give its written consent to removal until May 30, 2006 (filed May 31, 2006), the record is undisputed that in fact Coppertown obtained Daily's verbal consent to remove on May 3, 2006.

[6] In relevant part this section provides:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1

Case No. 3:06cv198/MCR/EMT

parties do not dispute that the "other paper" from which it could first be ascertained that Java Jo'z's case was removable was received by Coppertown on April 5, 2006. Accordingly, the court calculates the thirty day period for Coppertown's filing a notice of removal as elapsing May 5, 2006. Daily's written consent dated May 30, 2006, and filed May 31, 2006, therefore is timely only if the later-served rule rather than the first-served rule is applied.

Under the first-served rule, considered to be the majority view, the thirty day period for removal begins to run as soon as the first defendant receives "paper" from which removability may be ascertained; under the alternate later-served rule, or minority view, the period begins to run from the later-served defendant's receipt of such paper. See Diebel v. S.B. Trucking Co., 262 F.Supp.2d 1319, 1327 (M.D.Fla. 2003). As noted in Kimbrough v. City of Cocoa, 2005 WL 1126651 (M.D.Fla. 2005), a case cited by Coppertown, the Eleventh Circuit has not yet addressed the matter. Other circuit courts, however, as well as district courts within this circuit, are split as to which rule is correct. See Brown v. Demco, Inc.,792 F.2d 478, 481 (5th Cir. 1986) (adhering to first-served rule); Smith v. Health Ctr. of Lake City, Inc., 252 F.Supp.2d 1336, 1345-46 (M.D.Fla. 2003) (first-served rule); Holder v. City of Atlanta, 925 F.Supp. 783 (N.D.Ga.1996) (first-served rule); Faulk v. Superior Industries Int'l, Inc., 851 F.Supp. 457, 459 (M.D.Fla. 1994) (first-served rule); Noble v. Bradford Marine, Inc., 789 F.Supp. 395, 397 (S.D.Fla.1992) (first-served rule); Cartee v. Precise Cable Construction, Inc., 2005 WL 2893951 (S.D.Ala. 2005) (first-served rule); cf. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (applying later-served rule); McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir.1992) (later-served rule); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) (later-served rule); Collings v. E-Z Serve Convenience Stores, Inc., 936 F.Supp. 892, 895 (N.D.Fla.1996) (later-served rule); Fitzgerald v. Bestway Services, Inc., 284 F.Supp.2d 1311 (N.D.Ala. 2003); Kimbrough, 2005 WL 1126651 (later-served rule).

In support of its position that the later-served rule should apply, Coppertown cites

---

year after commencement of the action.
28 U.S.C. § 1446(b).

Collings, supra, which is another decision rendered by Judge Vinson. In Collings, the plaintiff added a defendant to the lawsuit filed in state court seventeen months after the complaint had been filed. Judge Vinson held that "[a]llowing the initially served defendant the choice of whether to remove, but binding that decision on later-joined defendants leads to inequitable results." Collings, 936 F.Supp at 895. Indeed, most courts which have applied the later-served rule have stressed the inequity of foreclosing the later-served defendant's right to removal simply because it was not served concurrently. See Bussey v. Modern Welding Company, 245 F.Supp.2d 1269, 1273 (S.D.Ga. 2003).

The court is inclined to agree that the reasoning behind the later-served defendant rule is sound where an additional defendant is named more than thirty days after service of the first defendant and the later-served defendant seeks to exercise its right to remove. That is not the situation presented to this court, however. Here, the defendants were served concurrently, on April 6, 2006, and Coppertown acknowledges that it became aware of the removability of this case even before service, on April 5, 2006. Yet, inexplicably, Coppertown apparently waited until May 3, 2006 – which was just two days before the filing period was to elapse – to locate Daily, advise it of the pertinent facts, and seek its consent to removal. Coppertown has not argued, or shown, that circumstances existed which prevented it from contacting Daily earlier to obtain its consent. Even if Coppertown had raised such an argument, however, the court would find it unavailing. Although there were two days still remaining in the filing period at the time Coppertown obtained Daily's verbal consent to removal on May 3, 2006, Coppertown and Daily failed to so advise the court or put such consent in writing and submit it along with the notice of removal. In fact, as noted above, Coppertown scarcely acknowledged Daily in the notice, much less offered any explanation as to why its consent to removal was not part of the record. Under the circumstances of this case, the court therefore is persuaded that application of the majority, first-served rule is appropriate and does not inequitably deprive Daily of its removal rights.

In summary, the court finds that the notice of removal filed by Coppertown is procedurally defective. Although Coppertown's notice was timely filed, under the first-served rule Daily did not timely advise the court of its consent and thus the unanimity requirement, which must be strictly interpreted and enforced, see Russell, 264 F.3d at 1044, has not been satisfied. Java Jo'z's motion to remand is therefore granted.

Remaining is the matter of attorneys' fees and costs.  The Supreme Court recently instructed that attorney's fees in removal cases are not to be awarded as a matter of course: "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, ___, 126 S.Ct. 704, 708, 163 L.Ed.2d 547 (2005).  In the instant case, the court finds that Coppertown's decision to attempt removal was an objectively reasonable one as there is some basis in law for its argument regarding application of the later-served rule and no binding Eleventh Circuit precedent to the contrary. Diebel, 262 F.Supp.2d at 1333 (declining to award fees where defendant's petition was not without some basis in law).  Therefore, the court denies Java Jo'z's request for attorneys' fees and costs.

Accordingly, it is ORDERED:

1. Java Jo'z's motion to remand (doc. 13) is GRANTED, to the extent that the above entitled action is hereby REMANDED to the Circuit Court in and for Okaloosa County, Florida.  The motion is DENIED, to the extent Java Jo'z seek an award of attorneys' fees and costs.

2. The motions to dismiss filed by Coppertown (doc. 4) and Daily (doc. 6) are DENIED as moot.

3. The clerk is directed to send a certified copy of this order to the Clerk of the Circuit Court in and for Okaloosa County, Florida.

DONE and ORDERED this 18th day of October, 2006.

> s/ *M. Casey Rodgers*
> M. CASEY RODGERS
> UNITED STATES DISTRICT JUDGE

Case No. 3:06cv198/MCR/EMT